## Tax Anticipation Notes as Legal Investments

MARGIOTTI, Attorney General, June 21, 1937. — We have your request to be advised concerning whether tax anticipation notes of the Commonwealth of Pennsylvania, $60,000,000 Series CT, are legal investments for trust funds and authorized investments for savings banks in this Commonwealth.

The tax anticipation notes were authorized by the Act of May 20, 1937, no. 197. Section 1 of the act authorizes the Governor, the Auditor General, and the State Treasurer, on behalf of the Commonwealth of Pennsylvania, to borrow on the credit of the current revenues of the Commonwealth up to $175,000,000. Section 2(a) provides that "Such loans shall be evidenced by notes of the Commonwealth of Pennsylvania", which are declared to be tax anticipation notes, and which are to be issued subject to rates of interest not exceeding 4½ percent. Section 2(c) pledges the current revenues of the biennial fiscal period beginning June 1, 1937, for the payment of interest and principal of these notes. The act provides further in section 4 that such loans are secured by and payable from the current revenues of every kind accruing to the General Fund.

The constitutionality of the issuance of tax anticipation notes was upheld by the Supreme Court of Pennsylvania in the case of Kelly v. Baldwin, etc., et al., 319 Pa. 53 (1935).

On November 7, 1933, P. L. 338, article III, sec. 22, of the Pennsylvania Constitution, relating to investments for trust funds, was amended to read as follows:

"The General Assembly may, from time to time, by law, prescribe the nature and kind of investments for trust funds to be made by executors, administrators, trustees, guardians and other fiduciaries."

Pursuant to this constitutional direction, the General Assembly enacted a comprehensive schedule of legal investments for fiduciaries in the Act of July 2, 1935, P. L. 545, which amended section 41 (a) (1) of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended. The 1935 amendment provides, in part, as follows:

"Subject to the conditions herein contained a fiduciary holding moneys to be invested may invest such moneys in . . . .

"Subsection (2). Pennsylvania Obligations.—Bonds, or other interest-bearing obligations of the Commonwealth of Pennsylvania, or those for the payment of the principal and interest on which the faith and credit of the Commonwealth is pledged."

A strikingly similar statute prescribes and defines authorized investments for savings banks in this Commonwealth. Sections 1208 and 1209 of the Act of May 15, 1933, P. L. 624, as last amended by the Act of April 22, 1937, no. 97, provide, in part, as follows:

"Section 1208. Authorized Investments of Savings Banks Not Under Special Charter.—A. Except as otherwise specifically provided in this act, a savings bank other than a savings bank organized under a special act of the General Assembly, shall not make any investments except as follows . . .

"(3) Bonds or other interest-bearing obligations of the Commonwealth of Pennsylvania, or of any state of the

United States, or those for the payment of the principal and interest on which the faith and credit of this Commonwealth, or of such state, is pledged, provided that it has not, at any time within the ten years immediately preceding the date of the purchase of such bonds or other obligations by the savings bank, defaulted in the payment of any part of any principal or interest due by it.

"Section 1209. Authorized Investments of Special Charter Savings Banks. — A savings bank organized under a special act of the General Assembly may make such investments as may be authorized by its articles of incorporation".

The Commonwealth of Pennsylvania has not at any time defaulted in the payment of any principal or interest due by it.

There are very few specially chartered savings banks in this Commonwealth which are still exercising the powers of their original charters. Such charters, however, almost invariably authorized greater latitude in investment than is permitted to banks not specially chartered.

Although the loans in question are payable out of revenues of a specific fiscal period, the notes are nevertheless "interest-bearing obligations of the Commonwealth of Pennsylvania." The loans are evidenced by notes of the Commonwealth which are signed by the Governor, the Auditor General, and the State Treasurer, containing a facsimile of the great seal of the Commonwealth, and are secured by current revenues which are specifically appropriated for the payment of the principal and interest thereof. Moreover, the act specifically permits the payment of interest not exceeding 4½ percent per annum.

Accordingly, you are advised that tax anticipation notes of the Commonwealth of Pennsylvania, $60,000,000 Series CT, are legal investments for trust funds and authorized investments for savings banks generally in this Commonwealth.

From Frederic Ray, Harrisburg.